PER CURIAM:
Claimant brought this action to recover the value of certain personal property items that he alleges were lost or destroyed by the respondent after he was transferred from Northern Correctional Facility to Mount Olive Correctional Complex.
A hearing was conducted by the Court in this claim on October 23, 2003, at which time the claimant testified as to the facts and circumstances giving rise to this claim. Claimant testified that he was transferred from Northern Correctional Facility to Mount Olive Correctional Complex on May 21,2002. When he arrived at Mount Olive Correctional Complex only some of his personal property items were brought with him. He alleges that his watch, assorted hygiene items and certain arts and crafts items were missing. Claimant followed the appropriate grievance procedure while he was at Mt. Olive Correctional Complex in an attempt to obtain various property items remaining at Northern Correctional Facility. Claimant also testified that he filed a Counselor Request Form while he was in punitive segregation at Mount Olive Correctional Complex in an attempt to determine what had happened to his missing personal property. He received a written reply that a telephone call was made by Ms. Susie Pierson, Correctional Counselor at Mount Olive, to Northern Correctional Facility to find out the amount of postage claimant needed to have his property mailed to him. Claimant received a memorandum (hereinafter referred to as a memo) from the Mount Olive Correctional Complex regarding an unapproved package that was sent from Northern Correctional Facility to him dated June 26,2002. The memo informed claimant that the package was not listed on the approved order form and there was no special package approval on file in the post office. In addition, the memo informed claimant that the package did not conform to Operational Procedure 3.10. Claimant introduced the memo into evidence at the hearing of this matter. At the bottom of the memo, there is a handwritten note by one of respondent’s employees dated July 2, 2002, which states that the post office needs a memo to accept the package. In addition, Susie Pierson, Counselor I at Mount Olive Correctional Complex, testified that because the post office was not aware the package was coming, it was returned to Northern Correctional Facility. Claimant testified that there apparently was no approved package form on file within claimant’s working area to receive this package which is why the post office needed a memo to accept the package. Claimant also stated that he believed that the package had been sent to Mount Olive on more than one occasion and retained to Northern Correctional Facility without him ever seeing it. Susie Pierson, Counselor I at Mount Olive Correctional Complex, testified that she did contact someone at the state shop at Northern Correctional Facility to have claimant’s property weighed to determine the amount of postage which was $4.33. Claimant submitted a voucher for the payment of the postage costs.
At the hearing, counsel for respondent showed claimant a green Aqualite wrist watch with a velcro band to identify whether or not it was his missing watch. However, claimant stated that it was not his watch. Claimant did not present any evidence to indicate the brand name of his watch or where it was purchased. Respondent introduced *145 what was purported to be claimant’s G-l grievance form with his signature into evidence at the hearing. The form was dated June 5,2002, and listed numerous items that were not transferred with claimant to Mount Olive Correctional Complex including a green Aqualite watch with a nylon and velcro band, one set of coloring pencils, one set of line markers, and several other food stuff items. However, claimant could not verify that the signature on this document was his. Claimant seeks an award for the value of his lost watch in the amount of $30.99, assorted hygiene and cosmetic items in the amount of $30.00, aits and crafts materials in the amount of $34.00, and postage costs in the amount of $4.35. Thus, claimant seeks a total award of $100.00.
Claimant asserts that respondent negligently lost or destroyed his personal property items while they were being mailed from Northern Correctional Facility to Mount Olive Correctional Complex.
Respondent contends that it did not negligently lose claimant’s personal property items and that it attempted to return his watch to him at the hearing of this matter but he refused to accept it.
Kathy Dillon, the Institutional Paralegal at Mount Olive Correctional Complex, testified that as part of her duties she has access to inmate files and records including those of the claimant. She had an inmate property form in claimant’s file that lists where the property came from and the contents of the property. On this particular form a green Aqualite watch is listed. Further, this document bears the signature of an inmate in three different places. Asked if this was his signature claimant stated, “I would say yes, it is my signature in those three boxes.” However, claimant testified that he did not prepare the contents of the list on this property form.
Karen Pszczookowski, Associate Warden of Operations at Mount Olive Correctional Complex since 1998, testified that she became involved in locating and addressing some alleged missing property from claimant. She testified that she first got involved in locating Mr. Boxley’s property around June 5, 2002, when he filed a grievance. She stated that claimant informed her that he was missing a green Aqualite watch with a nylon velcro band, a set of pencils, one set of fine line markers and various food items. According to Ms. Pszczookowski, respondent did locate claimant’s property and sent it to Mount Olive Correctional Complex where it was received at the post office. However, she stated that since two items were not accepted by Mount Olive Correctional Complex, the property was returned to Northern Correctional Facility. She also testified that claimant was sent a notice advising him that the package was returned to Northern Correctional F acility on July 18,2002. In addition, the supervisor of the post office wrote to him informing him that he had fifteen days to send an address for the property to be forwarded, and if no response, then the package would be destroyed. She stated that all of the property was eventually destroyed except for the watch. While she admits that the proper procedures pertaining to the personal property were not followed when claimant was moved from Northern Correctional Facility to Mount Olive Correctional Complex, she testified that it was turned over to her and secured in her office on August 15, 2002. She testified that she gave the watch to personnel at Mount Olive Correctional Complex on October 29, 2003, which was the day prior to the hearing of this claim.
After due consideration of the testimony and evidence in this claim, the Court has determined that respondent was not negligent in its actions with respect to care and treatment of claimant’s items of personal property. The procedures followed were taken to protect his property and claimant was offered an opportunity to forward the items to an address provided by him. This Court has held in previous claims that respondent is the bailee for personal property acquired from inmates and it is responsible for its safety *146 and return to inmates; however, in the instant claim the Court is of the opinion that respondent acted in a reasonable manner with respect to the treatment of claimant’s item of personal property during the scenario as described by the claimant and by respondent’s employees.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.